Montague v. Church School District No. 3, &c.

---

JANE MONTAGUE v. CHURCH SCHOOL DISTRICT No. 3, OF
MILLSTONE TOWNSHIP, COUNTY OF MONMOUTH.

1. In declaring on a promissory note, it is not necessary to aver that in its creation the corporate body which gave it acted within its power. It is sufficient for the holder to declare upon the instrument as the act of the defendants, and if it be *ultra vires*, he will fail upon the trial of the cause.

2. A count alleging that the corporation made their promissory note in writing, and ten days after the date thereof, promised to pay to the plaintiff $463.75, without any averment that the note contained a promise to pay, or any words from which it could be inferred that the promise is in the note, and when the copy of the note annexed to the declaration is not referred to in the count, is defective in substance.

On demurrer to first count of declaration.

Argued before BEASLEY, CHIEF JUSTICE, and SCUDDER, VAN SYCKEL, and WOODHULL, Justices.

For plaintiff, *A. C. McLean.*

For defendants, *W. H. Vredenburgh.*

The opinion of the court was delivered by

VAN SYCKEL, J. The defendant has filed a demurrer to the first count of the plaintiff's declaration, which is upon a promissory note alleged to have been given by Church School District No. 3, of Millstone township, in the county of Monmouth.

A copy of the note upon which the suit is founded is annexed to the declaration, but no reference is made to such copy in the count demurred to, and therefore it cannot be regarded on demurrer.

The averment is, that the corporate defendants, by their trustees and agents, gave the note, and if such corporation can lawfully execute a promissory note, the declaration, unless otherwise faulty, discloses a good cause of action.

Every corporation, unless restrained by its charter, has, as a necessary incident, the power of making negotiable paper in payment of debts incurred in the course of its legitimate business. *Lucas* v. *Pitney*, 3 *Dutcher* 221.

It has never been held to be necessary in declaring upon such paper to aver that in its creation the corporate body acted within its power.

It is sufficient for the holder to declare upon the instrument as the act of the defendant, and if it is *ultra vires*, he will fail upon the trial of the cause.

An incorporated school district has an express grant of power in certain cases to borrow money, and, as a necessary incident, the right to secure it by bond, note, or otherwise. If such district can make a valid promissory note for any purpose, the court cannot say, upon the face of this declaration, that the defendants acted without their authority.

The allegation is, that the corporation made the note, and upon demurrer that must be taken as true. The statute prescribes the mode in which the district may incur a binding obligation, and if upon the trial it shall not appear that the statutory requirements have been complied with, the averment in the pleading that the note is the act of the defendant will not be supported.

There is no reason why a rule of pleading should be held in this case different from that which would apply to paper issued by an insurance company or railroad corporation, for they, as well as this defendant, are restricted in their power to execute promissory notes, only in a less degree.

It is true that the declaration says that the defendants promised to pay to the plaintiff, as teacher of the school in said district, but that does not sufficiently show that the note was given without authority; the words "as teacher" may be regarded as descriptive of the promisee.

The question discussed by counsel, whether trustees of a school district can, in virtue of their office, execute a promissory note, cannot be considered on this demurrer.

There is, however, a substantial defect in the declaration which cannot be overlooked. The allegation is, that "the corporation made their promissory note in writing, and ten days after the date thereof promised to pay to the plaintiff $463.75."

There is no averment that the note contains any promise to pay; the promise is declared to have been made ten days after the date of the note.

The declaration avers that a promissory note was made, but in setting forth the promise, omits the word "thereby," and contains no words from which it can even be implied that the promise is in the note.

This is a lack of substance which cannot be disregarded if the defendants insist upon the judgment to which they are strictly entitled, and for this reason the demurrer is well taken.